UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN L. BERNSTEIN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANCO POPULAR NORTH AMERICA, et al.,<br><br>    Defendants. | Case No. 25-cv-02204-VKD<br><br>**ORDER RE PLAINTIFFS' APPLICATIONS TO RECORD LIS PENDENS**<br><br>Re: Dkt. Nos. 10, 11, 19 |

On March 4, 2025, plaintiffs, who are representing themselves, filed a 655-page "Complaint for Real Property" and various appended and interspersed documents concerning foreclosure proceedings. Dkt. No. 1. The complaint's allegations are unclear, but seem to pertain to real property in Fremont, California. The complaint lists a host of defendants that appear to include a bank, a law firm, various title insurance, collection, and/or foreclosure entities, as well as a homeowners association and several individuals involved with the homeowners association. Plaintiffs assert diversity jurisdiction, 28 U.S.C. § 1332. *Id.* On March 10, 2025, plaintiffs filed applications requesting that the Court record lis pendens, followed several days later by declarations and a 1,669-page "Request for Judicial Notice." Dkt. Nos. 10-15. On March 19, 2025, plaintiffs filed yet another application to record lis pendens and other documents, including an 85-page "Letter Brief" and exhibits. Dkt. Nos. 18-20.

The docket reflects that plaintiffs have requested that some defendants waive service of process. *See* Dkt. Nos. 4-8, 16. However, no defendant has appeared in the action, and this Court does not have the complete consent of all parties. *See* 28 U.S.C. § 636(c)(1); *Williams v. King*, 875 F.3d 500 (9th Cir. 2017).

"A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice." *Castellanos v. Zieve,* No. 22-cv-02191-HSG, 2022 WL 1665178, at *2 (N.D. Cal. May 25, 2022) (citing *BGJ Assocs., LLC v. Superior Ct.*, 75 Cal. App. 4th 952, 966 (1999)). "Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." *Id.* (citing *BGJ Assocs., LLC*, 72 Cal. App. 4th at 966). "Accordingly, lis pendens is a provisional remedy which should be applied narrowly." *Id.* (citing *BGJ Assocs., LLC*, 72 Cal. App. 4th at 966).

Federal courts look to the law of the state where the property is located in matters concerning lis pendens. *See id.* (citing 28 U.S.C. § 1964). As plaintiffs are representing themselves, California law requires the approval of a judge before a notice of pendency of an action may be recorded. *See Castellanos*, 2022 WL 1665178 at *2 (citing Cal. C.C.P. § 405.21). A recording party must demonstrate that her pleading contains a "real property claim" and must also establish "by a preponderance of the evidence the probable validity of the real property claim." *See* Cal. C.C.P. §§ 405.31, 405.32. In this context, a "real property claim" refers to "the cause or causes of action in a pleading which would, if meritorious, affect [ ] title to, or the right to possession of, specific real property." Cal. C.C.P. § 405.4. The term "probable validity" means that "it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." *Id.* § 405.3.

Here, plaintiffs' complaint—comprising 655 pages of rambling and disparate allegations, with various interspersed and appended documents—is so prolix and argumentative that it fails to provide fair notice of the grounds on which plaintiffs' claims rest. On this record, the Court cannot properly determine whether plaintiffs have established the "probable validity" of a "real property claim." Plaintiffs are given leave to re-submit a request to record lis pendens that complies with this District's Civil Local Rules. *See, e.g.,* Civil L.R. 7-1 & 7-2 (concerning motions, notice, and supporting papers); Civil L.R. 7-4 (concerning content and length of briefs or memoranda of points and authorities); Civil L.R. 7-10 (addressing ex parte motions). However, plaintiffs' multiple, repeated filings are improper. In the future, such repeated filings and/or

2

1  continued disregard for the Civil Local Rules may lead to order(s) striking plaintiffs' filings.

2      To the extent they have not already done so, plaintiffs are encouraged to obtain and review

3  the Court's Pro Se Handbook.[1]  Additionally, if they need help filing documents with the Court,

4  plaintiffs are advised that the Federal Pro Se Program at the San Jose Courthouse provides free

5  information and limited-scope legal advice to self-represented litigants in federal cases.

6  Information regarding the Program can be found at https://cand.uscourts.gov/pro-se-litigants/the-

7  federal-pro-se-program-at-the-san-jose-courthouse/.  Appointments may be scheduled by calling

8  408-297-1480.

9      **IT IS SO ORDERED.**

10  Dated: March 19, 2025

                            Virginia K. DeMarchi
                            United States Magistrate Judge

United States District Court
Northern District of California

---

[1] https://cand.uscourts.gov/pro-se-handbook/

3