UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN L. BERNSTEIN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BANCO POPULAR NORTH AMERICA, et al.,<br><br>    Defendants. | Case No. 25-cv-02204-BLF<br><br>**ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF No. 65] |

Before the Court is Plaintiffs' Administrative Motion to File Under Seal filed in connection with their motion to extend deadlines. ECF 65. Defendants did not submit any response to Plaintiff's motions. Having reviewed Plaintiffs' submissions and applicable sealing law, the Court GRANTS Plaintiff's requests to seal.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less

1  restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule
2  79-5 requires the moving party to provide "evidentiary support from declarations where necessary."
3  Civ. L.R. 79- 5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
4  material." Civ. L.R. 79-5(c)(3).

5        Further, when a party seeks to seal a document because it has been designated as confidential
6  by another party, the filing party must file an Administrative Motion to Consider Whether Another
7  Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy
8  the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the
9  material as confidential must, within seven days of the motion's filing, file a statement and/or
10 declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating
11 party's failure to file a statement or declaration may result in the unsealing of the provisionally
12 sealed document without further notice to the designating party. *Id.* Any party can file a response to
13 that declaration within four days. Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

Because the motion to seal pertains to a motion for relief from a pretrial schedule, the Court will apply the "good cause" standard. *See Malig as Tr. for Malig Fam. Tr. v. Lyft, Inc.*, No. 19-CV-02690, 2022 WL 1143360, at *1 (N.D. Cal. Mar. 31, 2022).

The material under consideration for sealing concerns health information that Plaintiffs have deemed confidential. See ECF 65. The Court finds that Plaintiffs have established compelling reasons to seal information that would reveal confidential information about their health. *See California Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, No. 19-CV-02417-LHK, 2021 WL 1146216, at *3 (N.D. Cal. Feb. 12, 2021) (finding compelling reasons to seal personal health information of patients). Additionally, the Court finds Plaintiffs' sealing requests to be narrowly tailored so that there is no less restrictive alternative to redacting the information at issue.

Accordingly, the Court GRANTS Plaintiff's requests to file under seal the exhibits at ECF 65.

//

//

**III.     ORDER**

For the foregoing reasons, the Court ORDERS the exhibits filed at ECF 65 to remain under seal.

Dated:  June 6, 2025

_____
BETH LABSON FREEMAN
United States District Judge

3