# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

JOHN L. BERNSTEIN, et al.,

          Plaintiffs,

    v.

BANCO POPULAR NORTH AMERICA, et al.,

          Defendants.

Case No.  25-cv-02204-BLF

**ORDER GRANTING IN PART AND TERMINATING IN PART DEFENDANT BERDING & WEIL LLP'S MOTION TO DISMISS; TERMINATING DEFENDANTS' MOTIONS AT ECF 32, 48, AND 70 AS MOOT; AND DISMISSING CASE WITHOUT PREJUDICE**

[Re: ECF Nos. 32, 48, 70, 74]

Before the Court is Defendant Berding & Weil LLP's ("B&W's") Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(6) motion to dismiss for failure to state a claim, and Rule 12(e) motion for more definite statement. ECF 74 ("Mot."). Pro se Plaintiffs Mary H. Bernstein, John L. Bernstein IV, John L. Bernstein III, and Elizabeth Tigano (collectively, "Plaintiffs") filed an opposition to B&W's motion to dismiss. ECF 97. B&W filed a reply. ECF 105 ("Reply").[1]

The Court finds that the matter is suitable to be determined without oral argument, and hereby VACATES the hearing on B&W's motion scheduled on August 21, 2025. For the reasons below, the Court GRANTS B&W's motion to dismiss for lack of subject matter jurisdiction and DISMISSES the case WITHOUT PREJUDICE to refiling in state court.

---

[1] The Court notes that two other motions are in the process of being briefed: 1) Defendants Meadow Brook Village Association – Fremont, A.S.A.P Collection Services, LLC, Angius & Terry LLP, Donald P. Gagliardi, and Colin G. McCarthy's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(6) motion to dismiss for failure to state a claim, and Rule 12(e) motion for more definite statement at ECF 32, and 2) Defendant Platinum Resolution Services, Inc.'s Rule 12(e) motion for a more definite statement at ECF 48. The Court also notes that Defendant Banco Popular North America's Rule 12(b)(6) motion to dismiss for failure to state a claim has been fully briefed, but it does not raise a jurisdictional challenge. *See* ECF 70, 76, 99.

United States District Court
Northern District of California

## I.    BACKGROUND

Plaintiffs own a property located at 3416 Deerwood Terrace, #113, Fremont, CA 94536 ("Property"). Compl. at 39, 46, 49. The Property is located within the Meadowbrook Village Homeowners Association ("Association"). *Id.* at 46. In 2018, the Association levied an emergency assessment to all members of the community. *Id.* at 3. On September 18, 2017, the Association imposed this assessment in response to a Notice and Order to Abate Nuisance issued by the City of Fremont to the Association, which required the Association to spend $15.5 million on "emergency repairs" identified by the City. *Id.* at 358-359. To facilitate its compliance with the Notice, the Association entered into a loan agreement with Banco for a non-revolving line of credit in the amount of approximately $4 million ("Loan"). *Id.* at 490. The purpose of the Loan was to "pay for building repairs and replacements, including lighting, boiler systems, fire alarm certification, siding, painting, contingency, related costs and soft costs." *Id.* at 506. The assessment was specifically intended to pay off the Loan and to collect additional funds to perform the required repairs. *Id.* at 358. Plaintiffs' share of the assessment was approximately $33,625. *Id.* at 42. Plaintiffs did not pay their share of the assessment. *Id.* at 260, 266. After nonpayment, the Association brought foreclosure proceedings through a Notice of Default and Election to Sell Under Property Association Lien in January 2025. *Id.* at 260.

On March 4, 2025, Plaintiffs filed this lawsuit against Defendants. *Id.* at 1. Plaintiffs assert fourteen causes of action: (1) intentional misrepresentation; (2) negligent misrepresentation; (3) violation of California Homeowner Bill of Rights, Cal. Civ. Code § 2924.17; (4) violation of California Civil Code § 2923.55; (5) violation of California Business and Professions Code § 17200, et seq. Unfair Competition Law; (6) wrongful foreclosure; (7) intentional infliction of emotional distress; (8) intentional housing discrimination based on familial status, Cal. Gov. Code § 12900 et seq; (9) negligence; (10) violation of Unruh Civil Rights Act, Cal. Civ. Code §§ 51, 51.2, 52; (11) violation of Elder Abuse Act; (12) "terminate foreclosure proceedings initiated"; (13) intentional misrepresentation; and (14) negligent misrepresentation. *Id.* at 1-2.

## II.    LEGAL STANDARD

Federal courts can adjudicate only those cases which the Constitution and Congress

authorize them to adjudicate: those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject-matter jurisdiction."). The Court has a continuing obligation to ensure that it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Id.*; see also *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

## III.  DISCUSSION

### A.  Subject Matter Jurisdiction

In the complaint, Plaintiffs allege that the Court has jurisdiction under 28 U.S.C. § 1332, Diversity of Citizenship. Compl. at 5 ¶ 19. B&W moves to dismiss the case for lack of subject matter jurisdiction on the basis that the parties are not diverse. Mot. at 14-16; *see* ECF 74-1, Decl. Chad T. Thomas ¶¶ 3, 4. In response, Plaintiffs do not contend that there is diversity jurisdiction. Opp. at 12.

1   Rather, Plaintiffs state that they "were under extreme stress" and request leave to file an amended

2   complaint in order to add claims under federal statute. *See id.*

3              **1.   Diversity-of-Citizenship Jurisdiction**

4              Federal courts have diversity jurisdiction only where there is complete diversity of

5   citizenship—no plaintiff is a citizen of the same state as any defendant—and the amount in

6   controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *see Matao Yokeno v. Sawako Sekiguchi*, 754

7   F.3d 649, 652 (9th Cir. 2014). For purposes of determining diversity of citizenship, a corporation is

8   deemed to be a citizen of the state in which it was incorporated as well as the state in which its

9   principal place of business is located. 28 U.S.C. § 1332(c)(1). "Principal place of business" refers

10  to "the place where the corporation's high level officers direct, control, and coordinate the

11  corporation's activities," that is, the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S.

12  77, 80–81 (2010). The "nerve center" is typically found at the corporation's headquarters. *Id.* at 81.

13             Here, diversity does not exist because Plaintiffs and B&W are citizens of California.

14  Plaintiffs state that they are domiciled in California. Compl. at 4. B&W is a California limited

15  liability partnership with principal place of business in Walnut Creek, California. ECF 74-1,

16  Declaration of Chad T. Thomas, at 2. Accordingly, there is no diversity jurisdiction because there

17  is no complete diversity between the Plaintiffs and B&W.

18             Accordingly, the Court lacks subject matters jurisdiction based on diversity jurisdiction.

19             **2.   Federal Question Jurisdiction**

20             In considering whether a court has federal question jurisdiction over a case, "[t]he Court's

21  evaluation is generally restricted to review of the complaint and does not include consideration of

22  extrinsic evidence." *Hofmann v. Virgin Am. Inc.*, No. 16-CV-05178-BLF, 2017 WL 1373850, at *2

23  (N.D. Cal. Apr. 17, 2017).

24             Here, there is no federal question jurisdiction because Plaintiffs have not made any federal

25  claims in their complaint. *See* Compl. at 1-2. All fourteen of the Plaintiffs' claims arise under state

26  law. Accordingly, the Court lacks federal question jurisdiction.

27                                         ***

28             For the above reasons, the Court GRANTS B&W's Rule 12(b)(1) motion to dismiss for lack

United States District Court
Northern District of California

of subject matter jurisdiction. Because the Court finds that there is no subject matter jurisdiction, "it can proceed no further and must dismiss the case on that account." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 434 (2007); *see Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570, 124 S. Ct. 1920, 1924, 158 L. Ed. 2d 866 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought.") (internal quotation omitted). The Court does not reach the remainder of B&W's motion for dismissal. The Court hereby DISMISSES the case WITHOUT PREJUDICE to refiling in state court.

## IV.    ORDER

For the foregoing reasons, the Court GRANTS B&W's Motion to Dismiss for lack of subject matter jurisdiction at ECF 74. Having found the Court lacks subject matter jurisdiction, the Court TERMINATES Defendants' motions to dismiss at ECF 32, 48 and 70 AS MOOT. The Court hereby DISMISSES the Complaint WITHOUT PREJUDICE to filing the case in State Court.

Dated:  July 22, 2025

_____
BETH LABSON FREEMAN
United States District Judge