**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN L. BERNSTEIN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BANCO POPULAR NORTH AMERICA, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-02204-BLF<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO ALTER THE JUDGMENT**<br><br>[Re: ECF 126, 128, 129] |

On July 22, 2025, the Court granted Defendant Berding & Weil LLP's motion to dismiss for lack of subject matter jurisdiction and dismissed the case without prejudice to refiling in state court. ECF 120 at 5. The Court found that there was no complete diversity between the parties, and that Plaintiffs did not make any federal claims in their complaint. *Id.* at 4. On the same day, the Court entered Judgment. ECF 121.

Before the Court are three motions from *pro se* Plaintiffs Mary H. Bernstein, John L. Bernstein IV, John L. Bernstein III, and Elizabeth Tigano (collectively, "Plaintiffs"). ECF 126, 128, and 129 (collectively, "Mot."). On July 28, 2025, the Court construed the three motions at ECF 126, 128, and 129 as a single Motion for Relief from a Judgment under Fed. R. Civ. P. 59 and 60(b). *See* ECF 130. Defendants Meadow Brook Village Association – Fremont, A.S.A.P. Collection Services, LLC, Banco Popular North America, Platinum Resolution Services, Angius & Terry LLP, Donald P. Gagliardi, Colin G. McCarthy, and Berding & Weil LLP (collectively "Defendants") filed an opposition. ECF 132 ("Opp."). Plaintiffs filed a reply. ECF 134 ("Reply"). The Court finds that the matter is suitable to be determined without oral argument and hereby VACATES the hearing on Plaintiffs' motion scheduled on September 18, 2025.

For the reasons below, the Court DENIES the motion.

## I. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 59(e)

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment within 28 days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A court can, pursuant to Rule 59(e), alter or amend a judgment upon a showing of one of four grounds: "(1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A motion brought under Rule 59 is not an opportunity for a party to re-litigate the claims that were before the Court prior to judgment, but is instead an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," and should not be granted "absent highly unusual circumstances.").

### B. Federal Rule of Civil Procedure 60(b)

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment for any one of six reasons upon a showing of "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also* Fed. R. Civ. P. 60(b). Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under Rule 60(b). *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F. 2d 1338, 1341 (9th Cir. 1981); *Beckway v. DeShong*, No. C07-5072 TEH, 2012 WL 1355744, at *2 (N.D. Cal. Apr. 18, 2012).

//

## II. DISCUSSION

Plaintiffs argue that "the Court's decision was based on a clear error of fact." ECF 126 at 2. Plaintiffs argue that the Court erred in not referencing to facts "covering many years background of abuses" in its order. Reply at 3-4. Plaintiffs request an amendment of the complaint to plead violations of federal statutes to create federal question jurisdiction. ECF 126 at 14.

In response, Defendants argue that the Court correctly ruled that it lacks subject matter jurisdiction over this lawsuit. Opp. at 5. Defendants argue that "nothing alleged in the complaint . . . would confer subject matter jurisdiction upon this court." *Id.* Defendants argue that Plaintiffs have not shown that jurisdiction could be "supplied by the existence of a federal question," and that Plaintiffs have not offered any newly discovered evidence that could not have been discovered in time with reasonable diligence. Opp. at 6.

The Court finds that, under Rule 59(e), Plaintiffs have not identified any new evidence, intervening change in law, or clear error to justify overturning the Court's dismissal of Plaintiffs' case for lack of subject matter jurisdiction. The Court finds that Plaintiffs have failed to explain how the Court had subject matter jurisdiction based on facts alleged in the original Complaint. Plaintiffs also do not contend that the Court's decision that it does not have subject matter jurisdiction is in error or manifestly unjust. The Court therefore denies Plaintiffs' request for relief under Rule 59(e).

To the extent Plaintiffs seek relief under Rule 60(b), the Court finds that Plaintiffs have failed to identify grounds for relief under any of Rule 60(b)'s provisions. As to Rule 60(b)(1), Plaintiffs do not identify any mistake, surprise or excusable neglect in the Court's ruling that it lacks federal subject matter jurisdiction over this lawsuit as pled. *See* Fed. R. Civ. P. 60(b)(1). As to Rule 60(b)(2), Plaintiffs do not identify any newly discovered evidence. *See* Fed. R. Civ. P. 60(b)(2). As to Rule 60(b)(3), Plaintiffs do not argue that Defendants have engaged in fraud or misconduct that would call into question the Judgment of Dismissal. *See* Fed. R. Civ. P. 60(b)(3); *see also De Saracho v. Custom Food Machinery, Inc.,* 206 F.3d 874, 880 (9th Cir. 2000) ("Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.") (internal quotation omitted). As to Rule 60(b)(4), the Judgment of Dismissal is not void. *See* Fed. R. Civ. P. 60(b)(4). As to Rule 60(b)(5), the Judgment of Dismissal has not "been satisfied, released,

or discharged," or "is based on an earlier judgment that has been reversed or vacated." *See* Fed. R. Civ. P. 60(b)(5). As to Rule 60(b)(6), it "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). Here, the Court dismissed the case without prejudice to refiling the lawsuit in state court, and thus Plaintiffs fail to satisfy Rule 60(b)(6). Because Plaintiffs do not identify grounds for relief under Rule 60(b)(6), the Court finds that no "extraordinary circumstances" exist to justify relief under this provision.

The Court also notes that Plaintiffs in effect seek reconsideration of the Court's denial of leave to amend, and not its dismissal for lack of subject matter jurisdiction. *See* ECF 126 at 14. However, Plaintiffs' identification of new claims under federal statutes does not obviate the jurisdictional defect in the original Complaint. Without jurisdiction over the original and operative Complaint, the Court has "no power to do anything with the case except dismiss." *Sepehry-Fard v. Countrywide Home Loans, Inc.*, No. 13-CV-05769-BLF, 2014 WL 3821544, at *2 (N.D. Cal. Aug. 4, 2014); *see Belinda K. v. Baldovinos*, No. 10-CV-02507-LHK, 2012 WL 3249481, at *3 (N.D. Cal. Aug. 7, 2012) (collecting cases holding that a motion for reconsideration under Rules 59(e) and 60(b) is an improper vehicle for bringing new claims not previously raised).

### III. ORDER

For the foregoing reasons, Plaintiffs' Motion to Alter the Judgment is DENIED.

Dated: August 28, 2025

_____
BETH LABSON FREEMAN
United States District Judge

4